STATE OF WEST VIRGINIA

*In re* **B.T.-1**

**No. 19-0516** (Upshur County 18-JA-35)

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.T., by counsel Dennis J. Willett, appeals the Circuit Court of Upshur County's April 22, 2019, order terminating her parental rights to B.T.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Hunter D. Simmons, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed a child abuse and neglect petition following the birth of B.T.-1 alleging that petitioner had previously grossly neglected the child's sibling, B.T.-2, and such neglect resulted in her death. The DHHR alleged that three-year-old B.T.-2 died after

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as the child and the child's deceased sibling share the same initials, we refer to them throughout this memorandum decision as B.T.-1 and B.T.-2, respectively.

suffering "blunt force trauma to the head and trunk area" and "stretch type lacerations consistent with anal penetrating assault and lacerations indicating strong pressure . . . applied to her lips." The DHHR alleged that petitioner knew that B.T.-2 had been injured by petitioner's boyfriend, but failed to obtain appropriate and timely medical care for her injuries, which resulted in her death. B.T.-2's death was determined to be a homicide. Petitioner was indicted on one count of child neglect resulting in death and was permitted bond. The DHHR alleged that given petitioner's failure to protect and failure to provide adequate medical care for B.T.-2, B.T.-1 was an abused child and at risk in petitioner's care.[2] Petitioner waived her preliminary hearing.

Petitioner stipulated to the allegations in the petition in December of 2018. Additionally, the circuit court found that petitioner pled guilty in November of 2018 to one count of child neglect resulting in the death of B.T.-2. The circuit court accepted petitioner's stipulation and adjudicated petitioner as an abusing parent. The DHHR filed a motion to terminate petitioner's parental rights to B.T.-1 based on her failure to protect B.T.-2. The DHHR also noted that petitioner was sentenced in February of 2019 to an indeterminate three- to fifteen-year term of incarceration for her conviction of child neglect resulting in death.

The circuit court held the final dispositional hearing in April of 2019. A DHHR case worker testified that petitioner was aware of B.T.-2's injuries for two days and that she did not seek medical attention during that time. The case worker testified that petitioner finally sought medical help for the child after the child lost consciousness. According to the worker, the DHHR did not believe that services could remedy the conditions of abuse and neglect. Petitioner admitted that she noticed the bruises on B.T.-2, but did not seek medical attention until the child fell unconscious. Petitioner testified that she was afraid of what her boyfriend would do if she sought medical attention for the child. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that, due to the severity of the court's previous findings, termination of petitioner's parental rights was in B.T.-1's best interest. Accordingly, the circuit court terminated petitioner's parental rights upon these findings in its April 22, 2019, order. Petitioner now appeals that order.[3]

The Court has previously set forth the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

---

[2]B.T.-1's father was not the perpetrator of B.T.-2's injuries; the perpetrator is deceased.

[3]B.T.-1's father was determined to be a nonabusing parent, and the child has achieved permanency in his father's custody.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner asserts that the DHHR case worker testified that termination of petitioner's parental rights was recommended solely because of her incarceration. According to petitioner, termination for this reason alone is against this Court's prior holding, which provides

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, syl. pt. 3. However, petitioner's argument is unpersuasive. In the order terminating petitioner's parental rights, the circuit court did not reference petitioner's incarceration. Rather, the circuit court considered the extremely serious circumstances surrounding the death of petitioner's first child. Petitioner admitted that B.T.-2 died as a result of injuries sustained while that child was in her care. Further, petitioner testified that she was aware that three-year-old B.T.-2 was injured, but failed to seek medical attention for the child because of her fear of her boyfriend. The DHHR provided testimony that recommended the termination of petitioner's parental rights based on her failure to protect and provide this life-saving medical treatment to B.T.-2, not solely on her incarceration as petitioner asserts. Petitioner also argues that the circuit court should have terminated her custodial rights only because the father could provide permanency for the child while petitioner was incarcerated. However, we have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further,

> simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve.

*Id.* Accordingly, we find this argument unpersuasive on appeal.

Notably, West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate the parental rights of a parent upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the child's welfare. In this case, the circuit court heard evidence and made the requisite findings, and petitioner does not challenge these findings on appeal. Moreover, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because petitioner does not challenge these findings and because the circuit court's findings are not clearly erroneous nor an abuse of discretion, we find no error in the circuit court's decision to terminate petitioner's parental rights to B.T.-1.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 22, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison